*297 OPINION of the Court, by
Ch. J. Boyie.
This was an action of trespass for beating a slave, to which the defendants pleaded not guilty. On the trial the plaintiffs proved that the plaintiff Polly Coleman the elder was the widow of Thomas Coleman, deceased, and that the other plaintiffs were his children and heirs: that the slave was of the estate of said Thomas Coleman, and in the possession of the widow, and that the other plaintiffs, being infants, lived with her. It also appear *298 ed that administration of the estate of said Thomas Coleman, deceased, had been granted to the widow and a certain Julius C. Goodwin, and that dower had not been allotted to the widow, nor distribution made among the children. The court, on the application of the defendants, instructed the jury “that the evidence of title aforesaid on the part of the plaintiffs was not sufficient to maintain their action.” The jury accordingly found a verdict for the defendant, and a judgment being entered thereon, the plaintiffs have brought the case before this court by writ of error.
The right of action for injuries affecting che fiives of an intertare, in-the potfef-fijn of the ad-minirtracors be. longs to them only.
The only question which the record presents, is, whether the instruction given by the court below to the jury was correct or not ?
As the action was a joint one, in the names of the widow and children, in order to maintain it proof of a joint right was necessary. This, we apprehend, the plaintiffs failed to make. According to the principles of the case of Breckenridge vs. Floyd, (ante 14) the administrator has a right to the possession of the slaves of the intestate until distribution shall be made. And as distribution of the estate of the deceased had not in this case been made, and as the widow, who in the capacity of administratrix had the right of possession, was in fact possessed of the slave, it l'oilows that the right of action was vested in the administrators alone. The instruction given by th* -court below was consequently correct.
J udgment affirmed with costs.